UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT BATES III,

    Movant,

v.

                                      File No. 1:14-CV-901

                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

_____/

**O P I N I O N**

Pending before this Court is Movant Roosevelt Bate's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). The government filed a response to this motion (ECF No. 12) and both of Movant's counsel filed affidavits (ECF Nos. 11, 12). Movant has filed a reply (ECF No. 14). The Court has carefully considered the arguments presented, and for the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I.**

On August 29, 2012, a grand jury returned an indictment (No. 1:12-cr-218, ECF No. 1) charging Movant with six counts of distribution of crack cocaine. Movant reached a written plea agreement with the government in which he agreed to plead guilty to the first

count of the indictment, in exchange for the dismissal of the other five counts. Among the terms of the agreement, Movant agreed that he understood the penalties, including a maximum statutory term of twenty years, and government agreed that it would not seek a 21 U.S.C. § 851 sentence enhancement based upon Movant's prior felony drug convictions. Movant also agreed to waive his right to appeal his plea agreement.

Perhaps the most relevant term of the agreement is as follows:

> Defendant understands that, although the United States Sentencing Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guidelines range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guidelines ranges that applies in this case, and may impose a sentence within, above, or below the Guidelines range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant understands that disagreement with the Guidelines range or sentence shall not constitute a basis for withdrawal of the plea.

Furthermore, Movant and government made no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.

After a thorough plea colloquy on April 5, 2013, Magistrate Judge Ellen S. Carmody issued a report and recommendation that the guilty plea by Bates should be accepted because the plea was knowing and voluntary, and Movant understood the charge and penalties. During that colloquy, Movant answered in the affirmative when asked if the plea was "a free-will act and voluntary" on his part. He acknowledged that he had conferred with his attorney

Mr. David L. Kaczor, on the applicability of the Sentencing Guidelines to his case and that no one could guarantee him what his guidelines would be. Most importantly, the government stated on the record the possibility that Movant could be adjudicated as a career offender under the guidelines, and Movant offered no objections. Additionally, Magistrate Judge Carmody explained thoroughly that the government was not promising to file a 5k motion for a reduction in sentence, but that the government promised to evaluate in good faith whether to file one.

On June 28, 2013, this Court approved and adopted the report and recommendation of the Magistrate Judge to accept the guilty plea.

The United States Probation and Pretrial Services System, which serves the U.S. District Courts--not the U.S. Attorney's Office--prepared a presentence investigation report ("PSR"). The U.S. Probation Office determined Movant qualified as a career offender. Accordingly, his criminal history category was set at VI, and his offense level at 29, yielding a guideline range of 151-188 months.

Due to a conflict of interest, Movant's counsel David L. Kazcor withdrew from representation of Movant, and attorney Donald W. Garthe was appointed as new counsel on July 29, 2013.

Mr. Garthe filed a sentencing memorandum on behalf of Movant on September 11, 2013, requesting that the career offender guideline not be applied in Movant's case, and that this Court exercise its discretion to sentence him below the minimum period of 151 months

suggested by the career offender guideline. On September 16, 2013, Mr. Garthe wrote a letter to Movant reminding him of the applicability of the career offender guideline and informing Movant of counsel's request for a downward departure in sentence. (Garthe Aff. Ex. 1.)

On September 19, 2013, Movant and his counsel Mr. Garthe appeared for sentencing and expressly requested the Court to deviate from the career offender guideline to a sentence below 151 months. This Court engaged in a colloquy with Mr. Garthe on the issue of the career offender guideline, but was ultimately unpersuaded to deviate from the Sentencing Guidelines. Mr. Garthe presented other arguments in favor of a downward departure, including Movant's character and cooperation. During this sentencing hearing, the government informed the court that it had not filed a § 851 information and discussed its rationale in not filing a motion under USSG § 5K1.1 to reflect Movant's cooperation. Taking all of these factors into consideration, this Court sentenced Movant to 156 months in custody, a term of supervised release, a fine, and a mandatory assessment. The term of custody was within the appropriate Sentencing Guidelines range, and the Court did not depart from the Guidelines range. At the end of the proceeding, this Court reminded Movant of his limited right of appeal, and requested Mr. Garthe to explain this right extensively.

On September 20, 2013, Movant wrote a letter to Mr. Garthe requesting him to file an appeal. According to Mr. Garthe, Movant also called him on September 20; during the conversation, Movant and Mr. Garthe discussed an appeal but Movant did not instruct him to file an appeal. After the phone conversation, Mr. Garthe mailed a letter to Movant, asking

him to write or call by October 1, 2013, if he wanted to file an appeal. On September 22, 2013, Mr. Garthe met with Movant at the Newaygo County Jail and again discussed an appeal, but Movant did not ask him to file. On September 23, 2013, Movant called Mr. Garthe to inquire when or whether he would appear before a grand jury as part of a possible 5K1 motion process. Mr. Garthe and Movant agreed to hold off on deciding whether to file an appeal until October 2, 2013. On September 24, 2013, Mr. Garthe received Movant's letter from September 20. Because Mr. Garthe had spoken on the phone and visited Movant in person since the date of mailing, Mr. Garthe determined that the more recent conversations about holding off on filing an appeal more accurately reflected Movant's decision regarding a possible appeal. On October 3, 2013, the appeal deadline, Movant called Mr. Garthe regarding the lack of a grand jury appearance or 5K1 motion. At that time, Movant agreed that an appeal would be futile.

Movant and Mr. Garthe corresponded several more times over the next few months regarding a possible "Rule 35," that is, a reduction in sentence for substantial assistance to the government. At no point did Movant mention an appeal. In his affidavit, Mr. Garthe states that his last communication with Movant was shortly before February 5, 2014, at which time he did not inquire about his appeal.

Movant raises six grounds for relief in his petition and supporting brief: (1) ineffective assistance of counsel in the sentencing and direct appeal process because counsel failed to object to the PSR when the government breached its plea agreement; (2) ineffective

5

assistance of counsel when counsel failed to inform Movant of the possible sentence if the government breached the plea agreement; (3) ineffective assistance of counsel when counsel failed to object to the government's failure to file a § 851 notice of intent to seek enhanced penalties; and (4) ineffective assistance of counsel when counsel failed to file a direct appeal.

## II.

### A. Motion Standards

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations

omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances" *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record

7

of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

**B.     Ineffective Assistance of Trial Counsel**

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. See *Premo v. Moore*, 562 U.S. 115, 115 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 562 U.S. at 115 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Movant's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id.* (quoting *Strickland*, 466 U.S. at 687).

Even if Movant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Movant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 562 U.S. at 115 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 562 U.S. at 115 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *See Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim de novo, "the standard for judging counsel's representation is a most deferential one." *Premo*, 562 U.S. at 115

Movant's grounds for relief fall generally under the umbrella of ineffective assistance of trial counsel. For the reasons that follow, with respect to each claim, Movant has failed to show that his counsel either performed deficiently or that he was prejudiced by counsel's performance. Movant is therefore entitled to no relief on these grounds.

Several of Movant's claims are predicated on the notion that the government breached its plea agreement with Movant. The basis of Movant's allegation seems to be that the PSR evaluated that Movant qualified as a career offender, which resulted in sentencing enhancements. At the outset, the Court wants to clarify that the PSR is prepared by the U.S. Probation Office, which serves the United States District Courts. The PSR is not prepared by the government, is not indicative of a breach of its plea agreement, and does not include any § 851 motion for enhanced penalties that the government may (or may not) be permitted to file.

The Court now addresses each of Movant's arguments in turn.

**1. Failure to Object to the PSR**

Movant argues that his counsel Mr. Garthe "failed to hold the Government to the exact language in the plea agreement when . . . the government's [sic] breached their promise not to seek enhanced penalties under 21 U.S.C. § 841 [sic]." (Pet.'s Br. at 6.) To support his argument that Mr. Garthe was ineffective, Movant states that the government breached its plea agreement because it said it would not use his prior drug convictions against him; the government failed to give notice of its intent to seek enhanced penalties; Mr. Garthe was ineffective because he did not object to the lack of notice; the docket reflects a lack of service as to the PSR; and use of the firearm conviction constituted a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Movant alleges that Mr. Garthe did not explain to him how the Sentencing Guidelines and a § 851 motion would affect his sentence. He states that, if he had

10

known of the likely sentence he would receive, he would not have agreed to plead guilty. (Pet.'s Br. at 6-13.)

Because Movant's assertions rely on a belief that the government breached its plea agreement, the Court addresses that issue first. The government did not seek enhanced penalties under § 851. Movant's sentence was based on the career-offender guideline, which the PSR determined to be applicable in his case. Movant expressly acknowledged that he could be subject to that guideline both in the written plea agreement and verbally during the plea colloquy. To the extent that Movant argues that 21 U.S.C. § 851(a) prohibits the application of the career-offender guidelines without the filing of the 851 information, he is incorrect. *See, e.g., United States v. Meeks*, 664 F.3d 1067, 1072-73 (6th Cir. 2012) ("The procedural requirements of § 851 only apply to statutory sentencing enhancements, not to sentencing enhancements under the Guidelines."); *United States v. Sanders*, 406 F. App'x 995, 998 (6th Cir. 2011) ("Though the Government did not file an information listing Sanders's prior felony drug convictions before Sanders entered his guilty plea, it did not need to do so before the district court could apply the career-offender Guidelines enhancement."); *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) ("It is true that no [§ 851] information was filed, but the requirements of § 851 apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines."). The PSR found that Movant qualified as an career offender, and the Court determined that the career-offender guidelines should apply in Movant's case, independent of any government

motion. That the government promised not to seek enhanced penalties does not preclude the Court from determining that the career-offender guideline should apply.

Mr. Garthe's failure to object to the government's alleged-breach does not fall below an objective standard of reasonableness because the government did not, in fact, breach its agreement. Moreover, Mr. Garthe did object to the PSR, contrary to Movant's allegations. Mr Garthe filed a sentencing memorandum in which he objected to the determinations of the PSR. (The Court also notes that Mr. Garthe's timely objection to the PSR prior to sentencing belies Movant's suggestion that he was not served with the PSR.) Mr. Garthe also engaged in a lengthy colloquy with this Court during the sentencing hearing. He argued vigorously against the application of the career offender guideline, and requested this court multiple times to depart downward from the Sentencing Guidelines. The record directly contradicts Movant's assertions. Mr. Garthe cannot be held ineffective for his failure to object to the PSR.

As to Movant's argument that use of the firearm conviction constituted an *Apprendi* violation, that argument is procedurally defaulted for failure to raise it on direct appeal. *Massaro*, 538 U.S. at 504. Nonetheless, the Court notes that Movant faced a statutory maximum sentence of twenty years' incarceration based upon his plea of guilty to the first count in the indictment. 21 U.S.C. § 841(b)(1)(C). Thus, the operation of the career-offender guideline on the basis of the firearm conviction did not increase Movant's sentence above the statutory maximum. *See Sanders*, 406 F. App'x at 997-98.

### 2. Failure to Inform Movant of Possible Sentence

Movant argues that his counsel were unaware of what impact the Sentencing Guidelines would have on his sentence when the government failed to fulfill its promises. (Pet.'s Br. at 15.) Movant states that a defendant who pleads guilty has a right to be apprised of the sentencing options outside the statutory maximum and minimum sentences.

First, the Court finds that the government did not fail to fulfill its promises in the plea agreement, for the reasons stated above. Second, the Court notes that Movant was not sentenced to a term outside the statutory maximum. 21 U.S.C. § 841(b)(1)(C). Third, the record belies Movant's assertions that attorneys Mr. Kaczor and Mr. Garthe did not adequately inform Movant of the possible sentences. In his affidavit, Mr. Kaczor states that he personally met with Movant on nineteen separate occasions prior to the plea agreement, in which time they discussed the consequences of a guilty plea. The plea agreement explicitly stated that the Court can impose a maximum term of twenty years' incarceration. During the colloquy at his plea hearing, Movant demonstrated that he understood the possible sentence, and that he could be adjudicated as a career offender. In his affidavit, Mr. Garthe likewise testified that he told Movant his career offender range was 151-188 months, as evidenced by his September 16, 2013, correspondence. Therefore, the Court does not find that Mr. Kaczor or Mr. Garthe's actions fell below an objective standard of reasonableness.

### 3. Failure to Object to the Government's Failure to File a § 851 Information

For the reasons stated above, Movant's counsel are not ineffective for their failure to

13

object to any § 851 information because the government neither filed a § 851 information nor was the government required to do.

### 4. Failure to File a Direct Appeal

Movant argues that his counsel Mr. Garthe's conduct fell below an objective standard of reasonableness because he failed to file a direct appeal despite Movant's September 20 letter directing him to file. The record demonstrates that Mr. Garthe spoke with Movant numerous times after the September 20 letter was mailed, during which conversations Movant directed his counsel not to file an appeal. Movant has not specifically refuted that these discussions took place, nor the content of the discussions. Thus, the evidence is unrebutted that Movant decided with his counsel not to file an appeal. In addition to the fact that Movant had waived his rights to appeal his plea and his sentence, the Court finds it was objectively reasonable for Mr. Garthe not to file an appeal after numerous conversations with his client demonstrated that his client had changed his mind about his initial request to appeal, and thereafter repeatedly asserted his desire not to file.

### III.

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

### IV.

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.


Dated: January 20, 2015                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE